## Philadelphia Housing Authority v. Herbert

*Anthony Creato*, for plaintiff.
*Robert J. Sugarman*, for defendants.

HIRSH, J., May 7, 1973.—On June 4, 1971, a default judgment was rendered in the Municipal Court of Philadelphia in favor of plaintiff Philadelphia Housing Authority, ordering defendants, Maxine and Samuel Herbert, to pay monetary damages in the amount of $499.99 and be evicted from premises owned and controlled by Philadelphia Housing Authority. It was not until November 15, 1971, that plaintiff sought to effect eviction. Defendants sought to stay the eviction but after a hearing on December 18, 1972, before Judge Ominsky of the Municipal Court of Philadelphia, where defendants were represented by counsel, defendants' petition to open judgment and request for a supersedeas to stay the eviction order were both denied. Judge Jamieson of the court of common pleas stayed the eviction order, however, and gave defendants one day in which to file an appeal. Defendants did so and posted a bond of $312. The matter is now before this court to render a determination on plain-

tiff's motion to quash defendants' appeal or, in the alternative, to strike defendants' rule upon plaintiff to file a complaint; plaintiffs have also brought exceptions to the sufficiency of defendants' bond.

This court finds that defendants complied with Judge Jamieson's order of December 19, 1972 and are entitled to an appeal in the court of common pleas, especially in view of the holding in Flomar Corp. v. Sun Ray Drug, 53 D. & C. 2d 29 (1971). The question posed by this matter is just what is to be appealed. Defendants contend that they are entitled to a trial de novo and have filed a rule on plaintiff to initiate such a proceeding. The court finds that to allow an appeal de novo after the entry of a default judgment and a denial of a petition to open would encourage defendants to avoid municipal court and would create a precedent injurious to the expeditious Small Claims and Landlord and Tenant procedures instituted by that court. Therefore, on appeal, this court will only hear argument upon and consider whether the judge of the lower court abused his discretion in refusing to open the default judgment taken against defendants.

Accordingly, it is therefore ordered that plaintiff's motion to quash defendants' appeal is denied. Plaintiff's motion to strike defendants' rule is granted. It is further ordered that both parties serve upon each other and file with this court briefs sur and contra defendants' petition to open judgment within 20 days from the date of this order. The court will hear oral argument on this matter on June 6, 1973, in Room 442 City Hall, Philadelphia, Pa. at 10:30 a.m. It is further ordered that the eviction of defendants is stayed pending a determination of this appeal upon the posting by defendants of such additional bond as necessary to total $1,637, said bond to be posted within five days from the date of this order.